# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELIJAH JONES, JR.**

    Petitioner,

v.                                                           **Case No. 05-C-172**

**STATE OF WISCONSIN,**

    Respondent.

## ORDER

Elijah Jones, Jr. ("Jones") is a prisoner incarcerated pursuant to a Wisconsin state court judgment of conviction for first degree sexual assault of a child, pursuant to Wisconsin Statute § 948.02(1). Proceeding pro se, Brown seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition, on April 25, 2005, Jones filed a request that the court subpoena his telephone records. In support of this request, Jones states that the telephone records will prove that he did not have a telephone connection to his apartment, that this fact discredits one of the witnesses who testified on behalf of the state, and that his former attorney's failure to pursue this fact constitutes ineffective assistance of counsel.

Unlike other civil litigants, a habeas petitioner is not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969). Rule 6(a) of the Rules Governing § 2254 Cases provides that a petitioner can invoke discovery, but only "if and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." To satisfy the two requirements of the Rule 6(a) test, a petitioner must: (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional

violation; and (2) show "good cause" for the discovery. Henderson v. Walls, 296 F.3d 541, 553 (7th Cir.2002), vacated on other grounds, 537 U.S. 1230 (2003); see also Harris, 394 U.S. 286, 298-300 (1969). Good cause, however, cannot exist where the facts alleged do not provide a basis for relief. Matta-Ballesteros v. Henman, 896 F.2d 255, 259 (7th Cir.1990).

Jones has not presented good cause to subpoena the telephone records of SBC Ameritech. Even assuming that the desired records establish an inconsistency in a witness' testimony, the court is not persuaded that the inconsistency is material. Jones was convicted of sexually assaulting a minor and not of a crime that involves his use of the telephone. Moreover, while a witness might have testified that Jones had a telephone, Jones has not established that such a statement was anything more than a detail, when viewed in context with other testimony presented. Given Jones' inability to make these preliminary showings, the court cannot conclude that the requested records are relevant to Jones' claim of ineffective assistance of counsel. Accordingly, Jones request for subpoena is hereby **denied.**

**SO ORDERED.**

Dated at Milwaukee, Wisconsin, this 25th day of May, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge